UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV99
(3:04CR277)

| | | |
|---|---|---|
| LEVERN JUNIOR JACOBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER and NOTICE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Respondent's Motion for Extension of Time to respond to Petitioner's Motion to Vacate, filed July 15, 2009 (Doc. No. 6); on Respondent's Response and de facto motion for summary judgment (Doc. No. 8); and on Petitioner's Motions for Extension of time to reply to Respondent's Response, filed August 13, 2009 and October 2, 2009 (Doc. Nos. 9 and 11, respectively).

The record of this matter reflects that Petitioner's Motion to Vacate under § 2255 was filed March 10, 2008 (Doc. No. 1). On May 11, 2008, the Court entered

an Order (Doc. No. 3) directing Respondent to respond to Petitioner's Motion to Vacate.  Although Respondent sought an extension of time in which to respond to Petitioner's Motion to Vacate, such combined Response and <u>de facto</u> motion for summary judgment, now has been filed (Doc. No. 8).  Consequently, Respondent's Motion for Extension of time (Doc. No. 6) will be <u>dismissed</u> as moot.

Furthermore, after careful review of Respondent's motion for summary judgment, the Court finds that Respondent may be entitled to a judgment as a matter of law.

**PETITIONER JACOBS, PLEASE READ THIS CAREFULLY:**

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding <u>pro se</u>, of the heavy burden that he carries in responding to Respondent's motion.  Indeed, the Federal Rules of Civil Procedure provide:

When a motion for summary judgment is properly

> made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2008).  This language means that if Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations.  An affidavit is a written statement sworn before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).  An unsworn statement, made and signed under the penalty of perjury, also may be submitted.

Affidavits or unsworn statements must be presented

3

by Petitioner to this Court within thirty (30) days of the entry of this Order.  <u>As stated by Rule 56(e)(2), Petitioner's failure to respond may result in granting Respondent's motion for summary judgment, that is, in the dismissal of this Motion to Vacate with prejudice</u>.

**IT IS, THEREFORE, ORDERED that:**

1. Respondent's Motion for Extension of Time (Doc. No. 6) is **DISMISSED as moot:**

2. Petitioner's Motions for Extensions of Time (Doc. Nos. 9 and 11) are **DISMISSED as moot;** and

3. Petitioner has thirty (30) days from the entry of this Order to file his response, including any evidence, to Respondent's <u>de facto</u> motion for summary judgment.

The Clerk is directed to send copies of this Order and Notice to the parties.

**SO ORDERED.**

Signed: April 2, 2010

Richard L. Voorhees
United States District Judge