IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV99-V-2
(3:04CR277-V)

| | |
|---|---|
| **LEVERN JUNIOR JACOBS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,**) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed March 10, 2008 (Doc. No. 1); and Respondent's de facto motion for summary judgment, filed August 5, 2008 (Doc. No. 8).

## I. FACTUAL AND PROCEDURAL HISTORY

On October 19, 2004, a Bill of Information was filed charging Petitioner with the unlawful possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:04CR277, Doc. No. 1). Following his initial appearance, the Court entered an Order noting Petitioner's plea of "not guilty" and his request for a jury trial. (Id., Doc. No. 3). On July 26, 2005, Petitioner's jury trial was commenced. On July 29, 2005, the jury convicted Petitioner of the firearm charge. (Id., Doc. No. 28). On March 1, 2006, the Court conducted Petitioner's Sentencing Hearing and sentenced him, as an armed career criminal, to 288 months imprisonment. (Id., Doc. No. 33). Thereafter, the Fourth Circuit Court of Appeals affirmed the Court's Judgment. See United States v. Jacobs, 221 F. App'x 205, 2007

WL 731402 at * 2 (4th Cir. March 9, 2007) (unpublished).

On March 10, 2008, Petitioner filed the instant Motion to Vacate, supplemented March 31, 2008. (Doc. Nos. 1 and 2). By his Motion, Petitioner alleges that his counsel was ineffective for his failure to request a suppression hearing, investigate his case and call witnesses, attack the traffic stop which gave rise to the charge, prepare a defense for trial and prevent the Government from introducing statements which had not been divulged in discovery, raise "sentencing issues" on appeal, apprise him of the issues which counsel intended to raise on appeal, and prove that Petitioner was mentally competent to stand trial; and that counsel erroneously advised Petitioner not to testify. (Id. at 5 and 17). Plaintiff further alleges that the evidence was insufficient to support his conviction as established by the facts that the State of North Carolina dropped its charges against him, and there were two other occupants in the car from which he and the weapon were retrieved, yet he was the only person charged with this offense. (Id. at 6 and 18-19). Last, Petitioner alleges that he is entitled to relief on the basis of the extraordinary rehabilitative accomplishments which he has achieved since the time that he was incarcerated. (Id. at 8). In support of his Motion, Petitioner also submitted copies of various certificates of completion for courses which he has taken along with letters of commendation for the charitable and volunteer work in which Petitioner and other inmates at his facility participated. (Id., Doc. No. 2 at 3 through 26).

On August 5, 2009, Respondent filed its de facto motion for summary judgment. (Doc. No. 8). In general, Respondent argues that several of Petitioner's claims against counsel are belied by the record and/or legally baseless. Respondent further contends that the remaining claims against counsel are too vague to warrant granting him relief. Concerning Petitioner's other challenges to the sufficiency of the evidence and the legality of his prosecution, and his

claim that his rehabilitation entitles him to a sentence reduction, Respondent argues that they also must be denied as factually erroneous, procedurally barred or not cognizable under § 2255. Accordingly, Respondent asks the Court summarily to dismiss Petitioner's Motion to Vacate. (Id. at 17).

In addition, however, Respondent submitted the Affidavit of defense counsel, Randolph M. Lee, thereby converting its request for a summary dismissal to one for summary judgment. (Id. at 8-1). See Fed. R. Civ. P. 12(d)(requiring court to convert a motion to dismiss to one for summary judgment when matters outside the pleadings are submitted and considered by the court). In any event, the Affidavit states, among other matters, that counsel never had any reason to question Petitioner's sanity, either during the time of the offense or the trial, and the quality of his pro-se Motion to Vacate tends to belie his claim of insanity. (Id. at 1). Furthermore, the Affidavit states that counsel saw no basis to argue, contrary to Petitioner's belated contention, that Petitioner was being subjected to an unconstitutionally selective prosecution. (Id.). Counsel's Affidavit also states that he discussed potential appellate issues with Petitioner during a telephone conversation. Last, the Affidavit states that Petitioner's remaining claims were too vague for counsel to be able to respond to them. (Id.)

After carefully considering Respondent's pleading, on April 5, 2010, the Court entered an Order (Doc. No. 12) pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), wherein the Court advised Petitioner of his obligation to respond to Petitioner's motion for summary judgment by filing his own affidavit or other documents to establish that there is a genuine issue of material fact for trial. Equally critically, the Court's Order further admonished Petitioner that his failure to respond as directed could subject his Motion to Vacate to a summary dismissal. (Id. at 4).

Petitioner's response was due on or before May 5, 2010. Nonetheless, more than six months have passed since that deadline and Petitioner has neither filed a response nor sought additional time in which to do so.

## II. DISCUSSION

### A. Standard of Review

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The movant has the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record before the Court which the movant believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (discussing former, but substantially similar version of Rule 56). In the event that this burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n. 3. Thus, the nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

**1. Petitioner has failed to show the existence of a genuine issue of material fact on his claim that counsel was ineffective.**

Ineffective assistance of counsel claims are governed by Strickland v. Washington, 466 U.S. 668, 687-91 (1984), in which the Supreme Court held that a petitioner must show that

counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by such constitutionally deficient representation. However, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1995). Ultimately, the petitioner bears the burden of proving Strickland prejudice, and in its absence a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290.

Although Petitioner raised numerous allegations of ineffectiveness, Respondent has countered each of them. First, Respondent argues that counsel's decisions not to seek suppression or to otherwise attack the evidence were reasonable, strategic choices because the absence of a valid license plate on the vehicle in which Petitioner was riding gave the officers reasonable cause to stop that car, and their discovery of Petitioner in possession of a crack pipe supported their decision to remove him from the car and conduct the search. (Id. at 7-8). Thus, Respondent argues that counsel would have had no basis to challenge those matters.

Respondent further asserts that Petitioner's claim that counsel failed to investigate and to call witnesses is defeated by, among other deficiencies, Petitioner's failures to articulate any specific facts about what he believes a more extensive investigation would have revealed, and how the absence of that information actually prejudiced him. (Id. at 9-10).

As for Petitioner's claim that counsel advised him not to testify, Respondent asserts that this claim is belied by record evidence which shows that when the trial Court specifically advised Petitioner of his right to testify, he acknowledged that information and informed the Court that he had spoken to his attorney about his right to testify. (Id. at 10). Thereafter, Petitioner remained silent when defense counsel told the Court that Petitioner had agreed with

5

his recommendation not to testify. (Id.). Moreover, Respondent points out that Petitioner had 44 prior convictions, which would have made him subject to a considerable impeachment attack and, in any event, he has not bothered to explain how he believes his testimony would have aided his defense. Therefore, Respondent argues that on this record it appears that counsel's advice that Petitioner not testify was sound trial strategy. (Id. at 10-11).

Respondent further argues that Petitioner's claim that his attorney failed to show that he was competent is defeated by the record evidence which shows that Petitioner intelligently answered the Court's questions, and did not behave in a way to demonstrate or suggest incompetency during his meetings with counsel. (Id. at 11-12). Therefore, because Petitioner was "lucid and rational in his communications . . ." as discussed in McWee v. Weldon, 283 F.3d 179, 186 (4th Cir. 2002), Respondent asserts that defense counsel had no reason to question Petitioner's competency. (Id. at 12).

Respondent argues that Petitioner's remaining claims against counsel -- that he failed to prepare a defense for trial or to prevent the Government from introducing unspecified "statements" which had not been included in their discovery materials, and that he failed to apprise him of the issues he was raising on appeal or to raise otherwise unspecified "sentencing issues" on appeal -- are either conclusory and unsupported or belied by the record. (Id. at 13). That is, Respondent asserts that the record shows that defense counsel did challenge, albeit unsuccessfully, the admission of certain statements that were not included in the Government's discovery; therefore, this claim is factually baseless. Respondent further contends that Petitioner's challenge to counsel's handling of his appeal is defeated by counsel's affidavit in which he contends that he discussed the appellate issues with Petitioner, and by legal precedent which makes clear that counsel was not obligated to raise every non-frivolous issue on appeal.

(Id.). Jones v. Barnes, 463 U.S. 745, 753-54 (1983).

Petitioner has not even attempted to address these arguments. Therefore, the Court finds Respondent's arguments persuasive, and that Respondent is entitled to judgment as a matter of law concerning these claims against counsel.

   **2. Petitioner has failed to show the existence of a genuine issue of material fact concerning his remaining claims for relief**.

Respondent contends that Petitioner's claim of selective prosecution is conclusory and contradicted by record evidence which shows that he was prosecuted because he admitted to law enforcement officers that he knew that the gun was in the car, and the gun actually was found concealed underneath Petitioner's clothing. (Id. ar 14-15). Therefore, there were lawful, legitimate reasons for the Government to prosecute Petitioner.

Respondent also argues that Petitioner's challenge to the sufficiency of the evidence is barred by his unexcused procedural default of that issue. (Id. at 15-16). In addition, the Fourth Circuit Court of Appeals expressly found that "there was sufficient evidence of [Petitioner's] guilt unrelated to his confession of possession the firearm at issue." United States v. Jacobs, supra, 221 F. App'x at * 2. Thus, even if this claim were not procedurally defaulted, it still would have to be rejected by virtue of the Fourth Circuit's determination. See United States v. Bell, 5 F.3d 64, 66 (4th Cir 1993) (the law of the case doctrine "forecloses re-litigation of issues expressly or impliedly decided by the appellate court").

Finally, Respondent contends that Petitioner's claim that he is entitled to a sentence reduction on the basis of his post-judgment rehabilitation is not cognizable because it falls well outside of the four grounds upon which a motion to vacate can be granted. (Id. at 16-17). That is, Respondent argues that 28 U.S.C. § 2255 provides only four grounds on which a federal

prisoner may challenge his detention, and Petitioner's argument for a sentence reduction for his post-judgment rehabilitation does not fit within any of them. See generally United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) (holding post-judgment rehabilitation "provides no basis either for a sentencing reduction in its own right . . . or for a further downward departure where a § 3582(c) reduction is ordered for some other reason"); and United States v. Hasan, 245 F.3d 682, 690 (8th Cir. 2001) (holding district court erred in granting § 3582(c)(2) sentence reduction based on post-sentence conduct).

### III. CONCLUSION

The Court has considered Petitioner's claims and Respondent's response in opposition to them, and has concluded that there is no genuine issue of material fact to be resolved. Moreover, the Court has determined that Petitioner has failed to demonstrate an entitlement to relief by any of his claims. Accordingly, the Government's motion for summary judgment will be granted and Petitioner's Motion to Vacate will be denied and dismissed.

### IV. ORDER

**IT IS, THEREFORE, ORDERED THAT:**

1. Respondent's de facto motion for summary judgment (Doc. No. 8) is **GRANTED**; and

2. Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made the necessary showings to support the issuance of the certificate as required under 28 U.S.C. § 2253(c). Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy §

2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim for the denial of a constitutional right).

**SO ORDERED**.

Signed: December 6, 2010

Richard L. Voorhees
United States District Judge